**Johnny HINCAPIE, Petitioner–Appellant,**

v.

**Charles GREINER, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.**

**Docket No. 01–2555.**

United States Court of Appeals, Second Circuit.

Feb. 24, 2003.

Vivian Shevitz, South Salem, NY, for Appellant.

Donald J. Siewert, Assistant District Attorney, New York County, New York, NY, for Appellee.

Present: LEVAL, F.I. PARKER, Circuit Judges, and KAPLAN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Petitioner-appellant Johnny Hincapie appeals the district court's August 21, 2001 judgment denying his petition for a writ of habeas corpus. Hincapie seeks to set aside the January 3, 1992 judgment of the New York State Supreme Court (affirmed by the Appellate Division on July 6, 1995) convicting him, after a jury trial, of Murder in the Second Degree and two counts each of Robbery in the First and Second Degrees.

Hincapie's appeal to this Court is limited to the question of whether his Sixth Amendment right to present a defense was violated when the state trial court excluded, as hearsay, portions of a taped confession by Ricardo Lopez, one of the other alleged participants in the charged crimes. Hincapie argues that portions of Lopez's statement were exculpatory to Hincapie, and thus that their exclusion denied Hinca-

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

pie his right to present a defense. In support of this argument, Hincapie cites *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), where the Supreme Court held that state evidentiary rules "may not be applied mechanistically" to exclude evidence that: 1) bears "persuasive assurances of trustworthiness"; and 2) is critical to a defendant's defense. *Id.* at 302.

Hincapie's argument fails the *Chambers* test. The portions of Lopez's statement that Hincapie sought to introduce were hearsay and did not bear "assurances of trustworthiness." Lopez's assertion that Hincapie was not present at the scene was not against Lopez's criminal interest, it was not subject to cross-examination, and it carried no indicia of reliability. *See Williamson v. United States,* 512 U.S. 594, 600–01, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994).

For the reasons stated above, the judgment of the district court is AFFIRMED.